**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

VALERIE REEVES,                    :
                                   :
         Plaintiff,                :
                                   :
    v.                             :     C.A. No. 05-7 JJF
                                   :
RADIOLOGY ASSOCIATES, INC.,        :     JURY TRIAL DEMANDED
                                   :
         Defendant.                :

## OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS/SUMMARY JUDGMENT

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
**RICHARD R. WIER, JR., P.A.**
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
RWier@wierlaw.com

November 1, 2005

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    1.    Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    2.    Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

I.    PLAINTIFF'S CLAIM UNDER TITLE VII MUST BE DISMISSED . . . . . . . . . . . . . . 9

    A.    PLAINTIFF'S TITLE VII COMPLAINT WAS UNTIMELY FILED AND IS
           TIME BARRED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B.    PLAINTIFF'S CLAIMS UNDER TITLE VII, WHICH ARE NOT WITHIN THE
           SCOPE OF THE EEOC CHARGE, MUST BE DISMISSED. . . . . . . . . . . . . . 11

II.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S
    SECTION 1981 CLAIMS BECAUSE SHE CANNOT ESTABLISH A PRIMA FACIE
    CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    1.    Plaintiff is a member of a protected class. . . . . . . . . . . . . . . . . . . . . . . . . 15

    2.    Plaintiff never sought promotional opportunity and received compensation
           comparable to other similarly situated employees. . . . . . . . . . . . . . . . . . . . 15

           a.    Plaintiff never sought promotional opportunity and/or different job
                assignments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

           b.    Plaintiff received compensation comparable to other similarly situated
                employees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

3.      Plaintiff did not suffer any adverse employment action. . . . . . . . . . . . . . . . . . . . 17

4.      There were no similarly situated persons that were more favorably treated. . . . . 18

III.    PLAINTIFF HAS NOT ALLEGED ANY FACTS THAT COULD ESTABLISH A
        VIOLATION OF THE THIRTEENTH AMENDMENT. . . . . . . . . . . . . . . . . . . . . . . . 19

IV.     PLAINTIFF'S CLAIM UNDER THE STATE OF DELAWARE'S DISCRIMINATION
        IN EMPLOYMENT ACT MUST BE DISMISSED SINCE SHE FAILED TO COMPLY
        WITH THE REQUIREMENTS FOR AN ACTION UNDER THAT STATUTE. . . . . . 21

CONCLUSION   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# TABLE OF AUTHORITIES

**Cases**[1]

Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3d Cir. 1996). . . . . . . . . . . . . . . . . . . 17

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Arots v. Salesianum School, Inc., 2003 U.S. Dist LEXIS 10171 (D. Del. 2003). . . . . . . . . 10, 11

Brown v. Mead Corp., 646 F.2d 1163 (6th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Burlington Indus, Inc. v. Ellerth, 524 U.S. 742 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Celotex Corp. v. Catrett, 477 U.S. 317 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Chalawsky v. Sun Refining and Marketing Co., Inc., 733 F. Supp. 791 (D. Del. 1990). . . . . . . .

Conley v. Gibson, 355 U.S. 41(1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Dupree v. United Food and Commercial Workers Union, 2005 U.S. Dist. LEXIS 167 (D. Del.

2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9 - 11

Garrison v. Town of Bethany Beach, 131 F. Supp. 2d 585 (D. Del. 2001) . . . . . . . . . . . . . . . 10

Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554 (11th Cir. 1997) . . . . . . . . . . . . . . 10

Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313 (3d Cir. 2000). . . . . . . . . . . . . . . . . 15

Igwe v. E.I. duPont de Nemours and Co., Inc. 2005 U.S. Dist. LEXIS 1254

(D. Del. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16 -18, 20

Jones v. Morton, 195 F.3d 153 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Kost v. Kozakiewicz, 1 F.3d 176 (3d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Lum v. Bank of America, 361 217 (3d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

_____

[1] Pursuant to D. Del. LR 7.1.3(a)(7), all unreported opinions are contained in the Appendix.

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Pamintuan v. Nanticoke Memorial Hospital, 192 F.3d 378 (3d Cir. 1999). . . . . . . . . . . . . . 15

Santini v. Cleveland Clinic Florida, 232 F.3d 823 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . 10

Sarullo v. U.S. Postal Serv., 352 F.3d 789 (3d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410 (3d

       Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981) . . . . . . . . . . . . . . . . . . 16

Tillman v. The Pepsi Bottling Group, Inc., 2005 U.S. Dist. LEXIS 18891(D. Del. 2005). . 11, 12

Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478 (3d Cir. 1998). . . 7

United States v. Kozminski, 487 U.S. 931 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

United States v. Midgley, 142 F.3d 174 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Williams v. Potter, 384 F. Supp. 2d 730 (D. Del. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Statutes**

42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 19

42 U.S.C. § 2000e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

19 Del. C. § 711 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 21, 22

19 Del. C. § 712 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

19 Del. C. § 714 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

19 Del. C. § 715 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

19 Del. C. § 718 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

On April 21, 2003, Plaintiff Valerie Reeves filed charges of alleged discriminatory conduct against Defendant with the Delaware Department of Labor ("DDOL") and Equal Opportunity Commission ("EEOC). (Exhibit A).

On February 27, 2004, Plaintiff requested that both the DDOL and EEOC withdraw her charge. She wrote that the reason for her withdrawal was "length of time to process complaint unsatisfactory and decision not to accept no fault result negates reason for complaint." (Exhibit B). At her request, the EEOC issued her a Notice of Right to Sue on July 20, 2004, and also sent a copy to her attorney Darryl K. Fountain, Esquire. (Exhibit C). Plaintiff admits she received the Notice of Right to Sue on July 20, 2004. (Complaint ¶ 10). Apparently, the EEOC inadvertently issued a second right to sue to Plaintiff on November 1, 2004, after the first ninety days had expired. (Exhibit D).

On January 6, 2005, Darryl K. Fountain, Esq. filed the instant Complaint on behalf of the Plaintiff. (D.I. 1)(Exhibit E). A summons was issued for Defendant Radiology Associates, Inc. on January 6, 2005. (D.I. 1). No service, however, was made upon the Defendant.

On July 22, 2005, this Court ordered that Plaintiff show cause why the Complaint should not be dismissed for failure to serve process within 120 days of filing the Complaint. (D.I. 3). On August 10, 2005, Plaintiff requested an extension from the Court to permit service of process and to obtain new legal representation, since Mr. Fountain had been suspended from the practice of law in Delaware. (D.I. 4). On August 22, 2005, the Court granted Plaintiff's request and ordered that (1) Plaintiff advise the court by September 21, 2005 whether she had obtained new counsel; (2) Plaintiff be granted an additional 120 days to effectuate service of process; and (3)

1

Plaintiff's failure to comply with any of the time frames would result in the dismissal of the action.  (D.I. 5).  On September 29, 2005, a week after the Court's ordered deadline, Plaintiff responded that she had not been able to obtain new counsel.  (D.I. 6).

On October 12, 2005, Defendant was served with a copy of the Complaint and the January 6, 2005 Summons.  (D.I. 8).

This is Defendant's Opening Brief in Support of its Motion to Dismiss, and, alternatively for Summary Judgment.

## SUMMARY OF ARGUMENT

1.  Plaintiff's Title VII claim must be dismissed because it was untimely filed.

2.  Plaintiff's Title VII claims not contained within the scope of the EEOC complaint or investigation must be dismissed.

3.  Summary judgment in favor of Defendant is mandatory where, as here, Plaintiff bears the burden of proof and cannot make out even a prima facie case of racial discrimination under Section 1981.

4.  Plaintiff has failed to state a claim for any violation of the Thirteenth Amendment and the claim based on that alleged violation must be dismissed.

5   Plaintiff's claim under 19 Del. C. § 711 must be dismissed because there was no private right of action and she failed to comply with the requirements of that statute in any event.

## STATEMENT OF FACTS

Papastavros' Medical Imaging, L.L.C. (also known as is Radiology Associates, Inc.) is a medical practice with offices throughout the State of Delaware.  There are two satellite offices in the City Wilmington.  One on Broom Street, and one on Pennsylvania Avenue.  Valerie Reeves was assigned to the Pennsylvania Avenue office.  Each of these Wilmington offices had one employee assigned to it.  (Affidavit of Grace ¶ 2).

On Monday, February 17, 2003, due to blizzard conditions, the State of Delaware and the City of Wilmington issued a state of emergency.  On Tuesday, February 18, 2003, the State of Delaware lifted the emergency, but the City of Wilmington continued the state of emergency. Therefore, all of Defendant's offices were open, except for the two that were within the city limits of Wilmington.  The employee for the Broom Street office, Cindy Chadderdon, had previously requested, and been granted, the day off, well in advance of the storm.   (Affidavit of Grace ¶ 3).

Ms. Reeves, who was assigned to the Pennsylvania office, lived outside the City of Wilmington and could still drive to another office.  Not being a resident of the City of Wilmington, she was able to be assigned to work at such other office outside the City. (Affidavit of Grace ¶ 4).

Ms. Andrea Baxter, who was the Chief Technologist and the supervisor of Ms. Reeves, attempted to contact Ms. Reeves, the morning of February 18, 2003.  Ms. Reeves returned Ms. Baxter's message and indicated that she was in Sussex County.  Ms. Baxter advised her that her site would be closed due to the state of emergency and gave her the choice as to where to report: either to the Augustine Cut-Off location, which was just outside the city limits; a location at

4

Polly Drummond Hill Road; or to the Glasgow site, which was closer to Ms. Reeves' home in Middletown, Delaware. Ms. Reeves choose the Glasgow location and reported late to that location. Ms. Reeves was not compelled to work in any way and was paid for her work. Ms. Reeves was not assigned to the Glasgow site because of her race, but solely because her assigned office was closed. (Affidavit of Grace ¶ 5; Affidavit of Baxter ¶ 2).

Radiology Associates, Inc. is an equal opportunity employer. Its 2004 Employer Information Report identified that in 2003, it had 222 total employees, of which 182 were female, 24 were African American, 2 Hispanic, 2 Asian and 1 American Indian. (Affidavit of Grace ¶ 6; Attachment 1).

Ms. Reeves was never discriminated against based on her race. (Affidavit of Grace ¶ 7 ).

All promotional opportunities within the company are posted. Although other employees in the satellite offices posted for promotional opportunities, Ms. Reeves never applied for any promotional opportunities or requested a different job assignment. While she was employed, Ms. Reeves made no claim that Radiology Associates, Inc. failed to promote her because of her race. (Affidavit of Grace ¶ 8).

Ms. Reeves' salary was comparable to other similarly situated employees. While she was employed, Ms. Reeves made no claim that Radiology Associates, Inc. provided any similarly situated employee - white or black - greater salary. (Affidavit of Grace ¶ 9).

During her employment with Radiology Associates, Inc., Ms. Reeves received warnings regarding excessive use of Paid Time Off. On February 5, 2003, Ms. Reeves was issued a Final Written Warning. (Affidavit of Grace ¶ 10; Attachment 2).

On January 23, 2004, Ms. Reeves retired from employment with Radiology Associates,

Inc.  In her December 12, 2003 retirement letter, she did not raise any allegations of discrimination.    (Affidavit of Grace ¶ 11; Attachment 3).

# ARGUMENT

## STANDARD OF REVIEW

**1.      Motion to Dismiss**

The Court should grant a defendant's motion to dismiss if "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 486 (3d Cir. 1998). In addition to considering the facts alleged in the complaint, the court may consider exhibits attached to the complaint and matters of public record in deciding a motion to dismiss. See Lum v. Bank of America, 361 217, 221 (3d Cir. 2004). In addition, previous court filings may also be considered on a motion to dismiss, either as matters of public record or as materials integral to the allegations in the complaint. See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999).

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). The Court however, is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 1983.

Under Fed. R. Civ. Pro. 12(b)(6), if matters outside the pleadings are presented to, and not excluded by, the Court then the motion is considered as one for Summary Judgment under Fed. R. Civ. Pro. 56(c).

**2.      Motion for Summary Judgment**

Summary judgment will be granted where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A dispute regarding a material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When the nonmoving party has the burden of proof on issues for which summary judgment is sought, that party must establish the existence of a genuine issue for trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The mere existence of some evidence in support of the nonmoving party is not sufficient to defeat a motion for summary judgment.  See Anderson, 477 U.S. at 252.

## INTRODUCTION

In the opening paragraph of her Complaint, Plaintiff states that "This action is brought pursuant to Title VII of the Civil Right Act of 1964, as amended, for employment discrimination." As her claims for relief, she alleges three causes of action. The first is for employment discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e. (Count I). The second is under the "Thirteenth Amendment to the United States Constitution as protected by 42 U.S.C. § 1981." (Count II). The third is under the State of Delaware's employment discrimination statute, 19 Del. C. § 711. (Count III).

For the reasons set forth below, Plaintiff is not entitled to relief under any of her causes of action and her complaint should be dismissed. Alternatively, summary judgment should be granted in favor of the Defendant because it is entitled to judgment as a matter of law and there are no issues of material fact.

## I.    PLAINTIFF'S CLAIM UNDER TITLE VII MUST BE DISMISSED

### A.    PLAINTIFF'S TITLE VII COMPLAINT WAS UNTIMELY FILED AND IS TIME BARRED.

Before bringing a discrimination action in federal court pursuant to Title VII, the aggrieved party must first timely file a charge of discrimination with the Equal Employment Opportunity Commission and then timely file the complaint in court within ninety days of her receipt of the EEOC Notice of Right to Sue. See Dupree v. United Food and Commercial Workers Union, 2005 U.S. Dist. LEXIS 167, *4 (D. Del. 2005); see also 42 U.S.C. § 2000e-d(f)(1). This Court has held that "any attempt to file suit even one day after the expiration of the ninety-day time period must result in dismissal." Dupree, 2005 U.S. Dist. LEXIS 167, *5.

9

In this case, it is admitted by the Plaintiff that she received the Notice of Right to Sue on July 20, 2004.[2] (Complaint ¶ 10). Plaintiff's complaint was required to be filed in this Court within ninety days of her receipt of that Right to Sue. See 42 U.S.C. § 2000e-5(f)(1). The ninety day period expired on October 18, 2004. Her Complaint, however, was not filed until January 6, 2005. (D.I. 1). Because the present suit was filed five and a half months after Plaintiff received the first Notice of Right to Sue, her claims under Title VII must be dismissed as untimely. See Dupree, 2005 U.S. Dist. LEXIS 167, *6; see also Arots v. Salesianum School, Inc., 2003 U.S. Dist LEXIS 10171 (D. Del. 2003).

In this case, at all relevant times, Plaintiff was represented by counsel. Plaintiff's failure to timely file cannot be saved by the equitable tolling doctrine. In the Third Circuit,

> equitable tolling may be appropriate in certain limited contexts: (1) if the defendant actively misled the plaintiff; (2) if the plaintiff was prevented, in some extraordinary way, from asserting his rights; (3) if the plaintiff timely asserted his rights mistakenly in the wrong forum; (4) if the claimant received inadequate notice of his right to file a suit; (5) if a motion for appointment of counsel is pending; or (6) if the court misled the plaintiff into believing that he had done everything required of him. Arots, 2003 U.S. Dist LEXIS 10171, at *7 (citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

---

[2] After the ninety day period had expired on the first Right to Sue, the EEOC, inadvertently, issued a second right to sue on November 1, 2004. This second Notice did not toll the ninety day limitation period on the first Right to Sue or begin a new ninety day period because that second Right to Sue was not issued pursuant to a reconsideration on the merits, 29 C.F.R. § 1601.21(b)(5). See Santini v. Cleveland Clinic Florida, 232 F.3d 823, 825 (11th Cir. 2000)(citing Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554, 557 (11th Cir. 1997); see also Brown v. Mead Corp., 646 F.2d 1163 (6th Cir. 1981)(holding a second Notice of Right to Sue was invalid since the first Notice created jurisdiction and subjected Plaintiff to running of the ninety day statutory period for filing.). Plaintiff received notice, within the meaning of 42 U.S.C. § 2000e-d(f)(1), on July 20, 2004, when she received the first right to sue, which was issued at her request. See Garrison v. Town of Bethany Beach, 131 F. Supp. 2d 585, 588-589 (D. Del. 2001)(stating that ninety day period begins to run when Plaintiff receives the necessary notice.). Accordingly, the Complaint in this case was untimely.

10

"It is well-established that federal courts should invoke the equitable tolling doctrine 'only sparingly'." <u>Dupree</u>, 2005 U.S. Dist. LEXIS 167, *6 (citing <u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1999)).  The court cannot even consider equitably tolling the statute of limitations unless the plaintiff exercised due diligence in pursuing her claim.  <u>See</u> <u>Dupree</u>, 2005 U.S. Dist. LEXIS 167, *7.

In this case, none of the limited circumstances addressed in <u>Arots</u> apply.  There is no excuse for filing two and a half months after the ninety day period expired.  The record is void of any equitable considerations that would permit the Plaintiff to circumvent this Statute of Limitations.

Plaintiff also cannot rely upon her current <u>pro se</u> status, since she was represented by Mr. Fountain during the EEOC investigation, at the time of the filing of the Complaint, and when the original 120 day period for service of process expired.  It is a matter of public record that it was not until July 2005 that Mr. Fountain was suspended from the practice of law in Delaware. (Exhibit H). Further, "a plaintiff's <u>pro se</u> status does not, alone, justify the application of equitable principles to excuse the failure to meet procedural requirements." <u>Arots</u>, 2003 U.S. Dist LEXIS 10171, at *10.

**B.     PLAINTIFF'S CLAIMS UNDER TITLE VII, WHICH ARE NOT WITHIN THE SCOPE OF THE EEOC CHARGE, MUST BE DISMISSED.**

In addition to being untimely, in order for this Court to have jurisdiction over Plaintiff's claims under Title VII, they must have been fairly within the scope of the prior EEOC complaint or the investigation.  <u>See</u> <u>Tillman v. The Pepsi Bottling Group, Inc.</u>, 2005 U.S. Dist. LEXIS

11

18891, *17-18 (D. Del. 2005). "Claims considered within the scope of the prior EEOC complaint either arise during the pendency of the EEOC investigation, are closely related to conduct alleged in the charge, or are explanations of the original charge." Tillman, 2005 U.S. Dist. LEXIS 18891, at *18 (citing Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984).

Plaintiff's charge with the Delaware Department of Labor and Equal Employment Opportunity Commission, (Exhibit A) which was incorporated by reference into the Complaint, stated the following:

> I am a black individual who began working for Respondent on November 25, 1974. Because on February 18, 2003 the City of Wilmington declared a state of emergency, my work site was closed. Andrea Baxter (white) advised me to report to another office outside of Wilmington, which I did.
>
> Andrea gave no explanation for my one-day transfer to another office.
>
> I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Delaware Discrimination in Employment Act, as amended, because of my race (black): 1. I am one of four black x-ray technicians working for Respondent. 2. I was the only employee to be transferred on February 18. 3. Respondent is punitively using the transfer in retaliation for unscheduled, unpaid time I previously took.

In her Complaint, Plaintiff makes new allegations of "discrimination in hiring, job assignment, promotion and compensation." (Complaint ¶ 26). The only allegation reasonably set forth in her charge was the one day transfer on February 18, 2003. All of Plaintiff's new allegations contained in her Complaint under Title VII are clearly outside the scope of her prior EEOC charge and must therefore be dismissed. See Tillman, 2005 U.S. Dist. LEXIS 18891, *17 (D. Del. 2005).

12

Even if this Court were to consider her claim based upon the one-day assignment to the Glasgow location, summary judgment should be entered on behalf of the Defendant on that allegation. <u>See</u> Argument II, <u>infra</u>.

**II.     DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S SECTION 1981 CLAIMS BECAUSE SHE CANNOT ESTABLISH A <u>PRIMA FACIE</u> CASE.[3]**

In Count II of her Complaint, Plaintiff only alleged discrimination as a result of her one day reassignment on February 18, 2003.  (Complaint ¶ 29).  Elsewhere in her Complaint, Plaintiff also makes allegations of "discrimination in hiring, job assignment, promotion and compensation."  (Complaint ¶ 26).  Defendant is entitled to summary judgment because there is no dispute of material fact and Defendant is entitled to judgment as a matter of law on all of her claims.

Under the tripartite test for discrimination claims established by the United States Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), the plaintiff must first prove a <u>prima facie</u> case of discrimination.  If the plaintiff does so, the burden shifts to the defendant to "<u>articulate</u> some legitimate, nondiscriminatory reason for the [discrimination]."  <u>Id</u>

---

[3] Because her racial discrimination claims under Title VII were untimely, they cannot survive a Motion to Dismiss.  In Count II of her Complaint, Plaintiff alleges that Defendant's "conduct violates the Thirteenth Amendment to the Constitution as protected by 42 U.S.C. § 1981."  (Complaint ¶ 29).  It is unclear whether Plaintiff, in addition to pleading a claim under the Thirteenth Amendment, is also attempting to plead a claim under 42 U.S.C. § 1981.

Fed. R. Civ. P. 8 sets out the minimum pleading requirements for complaints.  <u>See</u> <u>Williams v. Potter</u>, 384 F. Supp. 2d 730 (D. Del. 2005).  It requires "a short plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  The statement needs to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Williams</u>, 384 F. Supp. 2d at 730 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  When a complaint fails to meet the pleading requirements, it must be dismissed under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim.  <u>See Williams</u>, 384 F. Supp. 2d at 730.

Since Plaintiff, and her former attorney, failed to meet the pleading requirements and provide Defendant fair notice of her claim, Count II should only be read to have pled a Thirteenth Amendment claim, and not a Section 1981 claim.  If, however, her Complaint is read to include a Section 1981 claim, it too must be dismissed because there is no dispute of material fact and Defendant is entitled to judgment as a matter of law on all of her claims.

at 802 [emphasis added].  If the defendant meets its burden of production, any presumption of discrimination drops from the case and the plaintiff must point to some evidence from which a reasonable finder of fact either could disbelieve the employer's articulated legitimate reasons or believe that a discriminatory reason, more likely than not, was a determinative cause of the employer's action.  See id. at 804.  The same allocation of proof/production applies to Title VII and Section 1981 claims.  See Pamintuan v. Nanticoke Memorial Hospital, 192 F.3d 378, 388 n. 14 (3d Cir. 1999).

In order to establish a prima facie case, Plaintiff must show that she (1) is a member of a protected class; (2) was qualified for her position or the position or benefit sought; (3) suffered an adverse employment action; (4) under circumstances that give rise to an inference of unlawful discrimination such as might occur when a person not in the protected class received more favorable treatment.  See e.g., Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-19 (3d Cir. 2000).

### 1.    Plaintiff is a member of a protected class

It is not disputed by Defendant that Plaintiff, an African-American, is a member of a protected class.

### 2.    Plaintiff never sought a promotional opportunity and received compensation comparable to other similarly situated employees.

#### a.    Plaintiff never sought a promotional opportunity and/or a different job assignment.

In order to establish a prima facie case discrimination based upon failure to promote and/or discriminatory job assignment, Plaintiff must show that she was qualified for, and that

there was, an open position.  See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248,

253 n.6 (1981); Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).

In her Complaint, Plaintiff claims in a conclusory fashion that she should have been

promoted due to the number of years she worked at Radiology Associates, Inc.  See Complaint ¶

18 ("[t]he plaintiff was never promoted to a supervisory role during her years of service through

she successfully operated a one-person satellite office for over 15 years.").

Plaintiff fails to identify any promotional opportunities or different job assignments that

were available in Radiology Associates, Inc., that she sought.  Further, all promotional

opportunities and/or transfers within the company were posted, and although other employees in

the satellite offices posted for promotional opportunities, Ms. Reeves never applied for a

promotional opportunity or requested a different job assignment.  (Affidavit of Grace ¶

8)(emphasis added).

This Court has held that the failure of a plaintiff to identify specific, available

opportunities for a promotion or transfer requires the granting of summary judgment for the

Defendant.  See Igwe v. E.I. duPont de Nemours and Co., Inc. 2005 U.S. Dist. LEXIS 1254, *6-7

(D. Del. 2005).  It is not disputed that Plaintiff never applied for a promotional opportunity or

requested a different job assignment.  Summary Judgment based on Plaintiff's claims under

Section 1981 based on discrimination in promotion or assignment, therefore, must be granted.

**b.    Plaintiff received compensation comparable to other similarly situated**
**       employees.**

Plaintiff claims that she was discriminated against based on compensation.  (Complaint ¶

26)("the above discriminatory employment practices including discrimination in hiring, job

16

assignment, promotion and <u>compensation</u>...")[emphasis added].  In order to establish a <u>prima facie</u> case of discriminatory failure to provide equal pay, Plaintiff must prove that others not in the protected class and performing similar work were paid at higher rates than her.  <u>See</u> <u>Aman v. Cort Furniture Rental Corp.</u>, 85 F.3d 1074, 1087 (3d Cir. 1996).

Plaintiff has not alleged any facts that would permit the Court to conclude that she received less compensation than other similarly situated white employees.  Defendant is entitled to summary judgment on her claim because the evidence is not disputed that Ms. Reeves' salary was comparable to other similarly situated employees.  (See Affidavit ¶ 9).

**3.    Plaintiff did not suffer any adverse employment action.**

Plaintiff claims that she was subjected to an adverse employment action in the form of "loss of employment opportunity, loss of income, loss of other promotional benefits..." (Complaint ¶ 27, 30, and 34).  As set forth above, the evidence is that Plaintiff never applied for a promotional opportunity or requested a different job assignment and that she received comparable pay.   Plaintiff's claims, therefore, must be dismissed.

The remaining allegation under Section 1981 is that she suffered an adverse job action as a result of a one day reassignment on February 18, 2003, due to the state of emergency in the City of Wilmington. As a matter of law, Plaintiff's one day reassignment cannot be considered an adverse job action.   "The United State Supreme Court has defined an adverse employment action as a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment, or a decision causing a significant change of benefits.'" <u>Igwe v. E.I. duPont de Nemours and Co., Inc</u>. 2005 U.S. Dist. LEXIS 1254, *7 (D. Del. 2005)(quoting <u>Burlington Indus, Inc. v. Ellerth</u>, 524 U.S. 742, 761 (1998).  Further, this Court has held that failure of the Plaintiff

to set forth specific facts regarding a promotion or transfer or that she experienced a significant change in her benefits requires the entry of summary judgment in favor of the Defendant.  See Igwe v. E.I. duPont de Nemours and Co., Inc. 2005 U.S. Dist. LEXIS 1254, *7 (D. Del. 2005).

### 4.  There were no similarly situated persons that were more favorably treated.

In order to establish a prima facie case, Plaintiff must identify a white employee, or group of white employees, that were similarly situated to her but more favorably treated.  See Igwe v. E.I. duPont de Nemours and Co., Inc. 2005 U.S. Dist. LEXIS 1254, *8-9 (D. Del. 2005).   As addressed above, Plaintiff has not even alleged disparate treatment.  In relation to the one day reassignment on February 18, 2003, there also were no similarly situated white employees that received more favorable treatment than Plaintiff.  Ms. Chadderdon, the only other employee in a satellite office within the City of Wilmington, was not similarly situated because she had requested February 18, 2003 off well in advance of the storm.  (Affidavit of Grace ¶3).  The undisputed evidence is that no similarly situated white employees were treated more favorably than Plaintiff.

Plaintiff cannot demonstrate that a genuine issue of material fact exists for the requisite elements of a racial discrimination claim under Section 1981 and this Court must grant Defendant's motion for Summary Judgment on such claims.

## III.     PLAINTIFF HAS NOT ALLEGED ANY FACTS THAT COULD ESTABLISH A VIOLATION OF THE THIRTEENTH AMENDMENT.

As her second cause of action, Plaintiff claims "Retaliatory Reassignment" and in conclusory fashion alleges that Defendant's "conduct violates the Thirteenth Amendment to the Constitution as protected by 42 U.S.C. § 1981." ("Count II")(Complaint ¶ 29).

The Thirteenth Amendment declares that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." The primary purpose of the Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War. See United States v. Kozminski, 487 U.S. 931, 942 (1988). The only cases in which the United States Supreme Court has found involuntary servitude are where "the victim had no available choice but to work or be subject to legal sanction." Kozminski, 487 U.S. at 943.

The only conceivably alleged conduct for a violation of the Thirteenth Amendment asserted by Plaintiff is that she was reassigned to another office during the state of emergency. (Complaint ¶ 29). Such a claim, on its face, does not plead a claim for relief under the Thirteenth Amendment. See Kozminski, 487 U.S. at 943.

In addition, the undisputed evidence is that on Tuesday, February 18, 2003, all of Defendant's offices were open, except for the two that were within the city limits of Wilmington. The two in the City of Wilmington were closed as the state of emergency remained in effect. (Affidavit of Grace ¶ 3). Plaintiff, who was assigned to the Pennsylvania office, lived outside the City of Wilmington; however, her office at Pennsylvania Avenue was closed due to the

emergency.  Since she could still drive to another office - not being a resident in the City of Wilmington - she needed to be assigned to work at another office outside the City.   (Affidavit of Grace ¶ 4).

Ms. Andrea Baxter, who was the Chief Technologist and the supervisor of Ms. Reeves, attempted to contact Ms. Reeves, the morning of February 18, 2003.  Ms. Reeves returned Ms. Baxter's message and indicated that she was in Sussex County.  Ms. Baxter advised her that her site would be closed due to the state of emergency and gave her a choice as to where to report: either to the Augustine Cut-Off location, which was just outside the city limits; Polly Drummond Hill Road; or to the Glasgow site, which was closer to Ms. Reeves' home in Middletown, Delaware.  Ms. Reeves chose the Glasgow location and reported late to that location.  Ms. Reeves, an at-will employee, was not enslaved or subjected to "involuntary servitude."  <u>See</u> <u>Kozminski</u>, 487 U.S. at 943.  Ms. Reeves was paid for her work.  Ms. Reeves was not assigned to the location because of her race, but solely because her assigned office was closed.   (Affidavit of Grace ¶ 5; Affidavit of Baxter ¶ 2).

Plaintiff has "failed to demonstrate with specific facts his allegation that [defendant] violated the Thirteenth Amendment" and as a result her cause of action must be dismissed.  <u>See</u> <u>Igwe</u>, 2005 U.S. Dist. LEXIS 1254, at *11.

**IV.    PLAINTIFF'S CLAIM UNDER THE STATE OF DELAWARE'S DISCRIMINATION IN EMPLOYMENT ACT MUST BE DISMISSED SINCE SHE FAILED TO COMPLY WITH THE REQUIREMENTS FOR AN ACTION UNDER THAT STATUTE.**

In her final count, Plaintiff alleges that Defendant violated the State of Delaware's Discrimination in Employment Act, 19 <u>Del</u>. <u>C</u>. § 711.  (Count III).

Plaintiff filed charges of alleged discriminatory conduct against Defendant with the DDOL and EEOC on April 21, 2003.  On February 27, 2004, Plaintiff requested the withdrawal of her DDOL and EEOC charges, and at her request, the EEOC issued her a Notice of Right to Sue under Title VII.  No Delaware Right to Sue was issued to her, because, at that time, there was no private right of action under the Delaware State statute, 19 <u>Del</u>. <u>C</u>. § 711.  <u>See</u> <u>Chalawsky v. Sun Refining and Marketing Co., Inc.</u>, 733 F. Supp. 791, 799 (D. Del. 1990).

Subsequent to the termination of her DDOL charge, 19 <u>Del</u>. <u>C</u>. § 711 was amended, effective September 10, 2004, and as amended, it applied to all causes of action in which suit had not been instituted.  <u>See</u> 19 <u>Del</u>. <u>C</u>. § 718.  The amended statute did not apply to Plaintiff's claims because her claims had been dismissed, at her request, prior to the effective date of the amendment.

The amended statute, in any event, does not permit this action because it required that the Plaintiff comply with all of the requirements under the statute, <u>i.e.</u>, exhausting all administrative remedies and initiating suit within ninety days of a Right to Sue.  <u>See</u> 19 <u>Del</u>. <u>C</u>. § 714; <u>see also</u> 19 <u>Del</u>. <u>C</u>. § 712(b)(stating "[t]his subchapter shall afford the sole remedy for claims alleging a violation of this chapter to the exclusion of all other remedies.").

Plaintiff failed to comply with the requirements for an action under the 19 <u>Del</u>. <u>C</u>. § 711 by voluntarily withdrawing her charge in violation of 19 <u>Del</u>. <u>C</u>. § 712 and not initiating suit within ninety days of a Right to Sue in violation of 19 <u>Del</u>. <u>C</u>. § 714.  She is therefore barred from bringing an action under the state statute.

In addition, under the amended statute, a complaint under 19 <u>Del</u>. <u>C</u>. § 711 can only be brought forth in the Superior Court of Delaware.  <u>See</u> 19 <u>Del</u>. <u>C</u>. § 715.  Plaintiff's complaint under Title VII constituted an election of remedies and requires the dismissal of her state claim. <u>See</u> 19 <u>Del</u>. <u>C</u>. § 714.

## CONCLUSION

For the reasons stated above, and the facts and authorities that support those reasons, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice, or in the alternative entering summary judgment in favor of Defendant, and awarding the Defendant its attorneys' fees and costs, and any other relief that the Court deems appropriate.

Respectfully submitted,

**RICHARD R. WIER, JR., P.A.**

__/s/ Richard R. Wier, Jr._____
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
RWier@wierlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VALERIE REEVES,                          :
                                         :
      Plaintiff,                       :
                                         :
      v.                               :        C.A. No. 05-7 JJF
                                         :
RADIOLOGY ASSOCIATES, INC.,              :        JURY TRIAL DEMANDED
                                         :
      Defendant.                       :

## CERTIFICATE OF SERVICE

I certify that on this 1st day of November 2005 that I caused a copy of the attached to be filed with the Clerk of the Court using CM/ECF and that a copy has been mailed to the pro se plaintiff at the following address:

Valerie Reeves
8 Delft Ct.
Middletown, DE 19709

                           **RICHARD R. WIER, JR., P.A.**


                           ____/s/ Daniel W. Scialpi___
                           Richard R. Wier, Jr. (#716)
                           Daniel W. Scialpi (#4146)
                           1220 Market St., Suite 600
                           Wilmington, DE 19801
                           (302)888-3222
                           RWier@wierlaw.com