IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE REEVES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-7 JJF |
| | : | |
| RADIOLOGY ASSOCIATES, INC., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS/SUMMARY JUDGMENT**

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
**RICHARD R. WIER, JR., P.A.**
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
RWier@wierlaw.com

November 28, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................. ii

STATEMENT OF THE STAGE OF PROCEEDINGS ................................. 1

ARGUMENT .............................................................. 2

Standard of Review .................................................... 2

Introduction .......................................................... 2

I.   PLAINTIFF'S CLAIM UNDER TITLE VII MUST BE DISMISSED. ............. 4

II.  DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S SECTION 1981 CLAIMS BECAUSE SHE CANNOT ESTABLISH A PRIMA FACIE CASE. ............................................................ 5

   1.   Plaintiff never sought, and was never denied, a promotional opportunity and she received compensation comparable to other similarly situated employees. ..... 5

   2.   Plaintiff received compensation comparable to other similarly situated employees. ...................................................... 6

   3.   Plaintiff did not suffer any adverse employment action. .......... 6

   4.   There were no similarly situated persons that were more favorably treated. .... 7

III. PLAINTIFF HAS NOT ALLEGED ANY FACTS THAT COULD ESTABLISH A VIOLATION OF THE THIRTEENTH AMENDMENT. .......................... 9

IV.  PLAINTIFF'S CLAIM UNDER THE STATE OF DELAWARE'S DISCRIMINATION IN EMPLOYMENT ACT MUST BE DISMISSED SINCE SHE FAILED TO COMPLY WITH THE REQUIREMENTS FOR AN ACTION UNDER THE STATUTE. ....... 10

CONCLUSION ........................................................... 11

## TABLE OF AUTHORITIES

**Cases**

Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . 6

Anderson v. McIntosh Inn, 295 F. Supp. 2d 412 (D. Del. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 2

Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-19 (3d. Cir. 2000). . . . . . . . . . . . 5

Igwe v. E.I. duPont de Nemours and Co., Inc., 2005 U.S. Dist. LEXIS 1254 (D. Del. 2005).6, 7, 9

Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990) . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7

Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574 (1986) . . . . . . . . . . . . . 2

Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir.); cert. denied, 502 U.S. 940 (1991). . 2, 6, 7

Taylor v. Brandywine School Dist., 2005 U.S. Dist. LEXIS 23160 (D. Del. 2005) . . . . . . . . . . 2

**Statutes**

19 Del. C. § 711 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

19 Del. C. § 712 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

19 Del. C. § 714 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATEMENT OF THE STAGE OF THE PROCEEDINGS

On November 1, 2005, Defendant filed its Motion to Dismiss/Summary Judgment and its Opening Brief in Support thereof. On November 22, 2005, Plaintiff filed an untimely response to Defendant's motion.

## ARGUMENT

**STANDARD OF REVIEW**

  To defeat a motion for summary judgment, Fed. R. Civ. P. 56(c) requires the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." Anderson v. McIntosh Inn, 295 F. Supp. 2d 412, 418 (D. Del. 2003)(citing Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). The nonmoving party needs to provide "enough evidence to enable a jury to reasonably find for the nonmovant on that issue." Taylor v. Brandywine School Dist., 2005 U.S. Dist. LEXIS 23160, *4 (D. Del. 2005)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). If the nonmoving party's evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Taylor v. Brandywine School Dist., 2005 U.S. Dist. LEXIS 23160, *4 (D. Del. 2005)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

  Bald allegations that are unsupported by specific facts, must be disregarded on a motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990); Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir.); cert. denied, 502 U.S. 940 (1991).

**INTRODUCTION**

  In Defendant's Opening Brief, Defendant established that the Complaint must be dismissed, or in the alternative, summary judgment entered in favor of Defendant.

  In her response, Plaintiff has not disputed the fact that her Title VII claim is time barred; has not alleged any facts that could establish a violation of the Thirteenth Amendment; and has not alleged any facts rebutting the argument that she failed to comply with the requirements for an action under the State of Delaware's Discrimination in Employment Act. The only claim that

Plaintiff attempts to respond to appears to be her potentially pled claim of discrimination under 42 U.S.C. § 1981.  Plaintiff's one-page response, however, fails to satisfy her burden under Fed. R. Civ. P. 56(c) since she has not, and cannot, even pled a <u>prima facie</u> case.  Since Plaintiff can not establish a <u>prima facie</u> case, Defendant is entitled to summary judgment.  Plaintiff's request for discovery "for employment records and all pertinent documents," therefore, would be a futile waste of the Defendant's, and this Court's, time and resources and an improper use of the discovery process by the Plaintiff.

I.   **PLAINTIFF'S CLAIM UNDER TITLE VII MUST BE DISMISSED.**

Defendant has demonstrated that Plaintiff's claim under Title VII must be dismissed because it was untimely filed and therefore time barred (Op. Brief at 9-11) and that Plaintiff's claims under Title VII, which are not within the scope of the EEOC charge, also must be dismissed. (Op. Brief at 11-13).

In her response, Plaintiff has not, and cannot, dispute that she did not timely file her Title VII complaint in court within ninety days of her receipt of the EEOC Notice of Right to Sue. Plaintiff also has not, and cannot, show that the equitable tolling doctrine should be imposed by this Court. Defendant, therefore, is entitled to summary judgment entered on its behalf on Plaintiff's Title VII claims.

II. **DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S SECTION 1981 CLAIMS BECAUSE SHE CANNOT ESTABLISH A PRIMA FACIE CASE.**

Defendant has demonstrated that, even if Plaintiff has pled a claim under 42 U.S.C. § 1981, Defendant is entitled to summary judgment entered in its favor since Plaintiff is unable to establish a prima facie case of discrimination. (Op. Brief at 14-18).

In order to establish a prima facie case of discrimination, Plaintiff is required to satisfy all four prongs that are set forth in Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-19 (3d. Cir. 2000). As addressed below, Plaintiff has not, and cannot, establish three of the four prongs.

1. **Plaintiff never sought, and was never denied, a promotional opportunity and she received compensation comparable to other similarly situated employees.**

Donna Grace, the Operation Manager for Defendant, swore in her affidavit that "All promotional opportunities within the company are posted. Although other employees in the satellite offices posted for promotional opportunities, Ms. Reeves never applied for any promotional opportunities or requested a different job assignment." (Appendix to Opening Brief, Exhibit F ¶ 8).

In her response, Plaintiff does not deny that she never applied for a promotion. The only responses she provides are her own, unsworn conclusory allegations that "No Black has ever held a supervisory position within company; performance review and raises not given on merit; promotions are based on performance & competency (not whether you asked for same)." Bald allegations that are unsupported by specific facts, must be disregarded on a motion for summary

5

judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990); Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir.); cert. denied, 502 U.S. 940 (1991). Even if accepted as true, however, these assertions fail to establish a prima facie case.

As set forth in Defendant's Opening Brief, this Court has held that the failure of a plaintiff to identify specific, available opportunities for a promotion or transfer requires the granting of summary judgment for the Defendant. See Igwe v. E.I. duPont de Nemours and Co., Inc., 2005 U.S. Dist. LEXIS 1254, *6-7 (D. Del. 2005). Fatal to Plaintiff's claim, it is not disputed that she never applied for a promotional opportunity or requested a different job assignment.

2. **Plaintiff received compensation comparable to other similarly situated employees.**

In order to establish a prima facie case of discriminatory failure to provide equal pay, Plaintiff must prove that others not in the protected class and performing similar work were paid at higher rates than her. See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1087 (3d Cir. 1996). "Ms. Reeves salary was comparable to other similarly situated employees." (Appendix to Opening Brief, Exhibit F ¶ 9). Fatal to her claim, Plaintiff has not disputed this fact and has not alleged any facts that would permit the Court to conclude that she received less compensation than other similarly situated white employees.

3. **Plaintiff did not suffer any adverse employment action.**

The only remaining adverse employment action that Plaintiff claims is the result of a one day reassignment on February 18, 2003, due to the state of emergency in the City of Wilmington. As a matter of law, this one day assignment cannot be considered an adverse job action. See

Igwe v. E.I. duPont de Nemours and Co., Inc., 2005 U.S. Dist. LEXIS 1254, *7 (D. Del. 2005).

### 4. There were no similarly situated persons that were more favorably treated.

In order to establish a prima facie case, Plaintiff must identify a white employee, or group of white employees, that were similarly situated to her but more favorably treated. Igwe v. E.I. duPont de Nemours and Co., Inc., 2005 U.S. Dist. LEXIS 1254, *8-9 (D. Del. 2005).

Plaintiff has not, and cannot, identified similarly situated white individuals that received a higher salary or promotion.

In relation to the one day reassignment on February 18, 2003, there were also no similarly situated white employees that received more favorable treatment than Plaintiff. In her response, Plaintiff alleges (in an unsworn, conclusory manner) that the employee in the other satellite location was not treated in the same way. She does not allege the race of the employee or how (s)he was similarly situated. A bald allegation that is unsupported by specific facts, must be disregarded on a motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990); Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir.); cert. denied, 502 U.S. 940 (1991).

The other employee was not similarly situated. As set forth in Defendant's Opening Brief, Ms. Chadderdon, the only other employee in a satellite office within the City of Wilmington, was not similarly situated because she had requested February 18, 2003 off well in advance of the storm. (Appendix to Opening Brief, Exhibit F ¶ 3). In any event, Defendant has articulated a legitimate, nondiscriminatory reason for its treatment of the other employee and Plaintiff has not proven or raised any issue of material fact establishing the reason was pretextual.

7

Since Plaintiff cannot demonstrate that a genuine issue of material fact exists for the requisite elements of a racial discrimination claim under 42 U.S. C. § 1981, this Court must grant Defendant's motion for summary judgment on Plaintiff's claim.

## III. PLAINTIFF HAS NOT ALLEGED ANY FACTS THAT COULD ESTABLISH A VIOLATION OF THE THIRTEENTH AMENDMENT.

Plaintiff is required to provide the Court with specific facts to support her allegation that she was subjected to involuntary servitude by the Defendant in violation of the Thirteenth Amendment. See Igwe v. E.I. duPont de Nemours and Co., Inc., 2005 U.S. Dist. LEXIS 1254, *11 (D. Del. 2005). Plaintiff has not, and cannot do so. Defendant, therefore, is entitled to summary judgment on her Thirteenth Amendment claim.

IV. **PLAINTIFF'S CLAIM UNDER THE STATE OF DELAWARE'S DISCRIMINATION IN EMPLOYMENT ACT MUST BE DISMISSED SINCE SHE FAILED TO COMPLY WITH THE REQUIREMENTS FOR AN ACTION UNDER THE STATUTE.**

It is not disputed by Plaintiff that she failed to comply with the requirements for an action under 19 Del. C. § 711 by withdrawing her charge in violation of 19 Del. C. § 712 and by not initiating the suit within ninety days of a Right to Sue in violation of 19 Del. C. § 714. Defendant, therefore, is entitled to have summary judgment entered on its behalf.

## CONCLUSION

For the reasons stated above, and the facts and authorities that support those reasons, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice, or in the alternative entering summary judgment in favor of Defendant, and awarding the Defendant its attorneys' fees and costs, and any other relief that the Court deems appropriate.

Respectfully submitted,

**RICHARD R. WIER, JR., P.A.**


  /s/ Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
RWier@wierlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE REEVES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-7 JJF |
| | : | |
| RADIOLOGY ASSOCIATES, INC., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I certify that on this 28thday of November 2005 that I caused a copy of the attached to be filed with the Clerk of the Court using CM/ECF and that a copy has been mailed to the pro se plaintiff at the following address:

Valerie Reeves
8 Delft Ct.
Middletown, DE 19709

**RICHARD R. WIER, JR., P.A.**

_____/s/ Daniel W. Scialpi_____
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
RWier@wierlaw.com