```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

VALERIE REEVES,                 :
                                :
          Plaintiff,            :
                                :
     v.                         :   Civil Action No. 05-007-JJF
                                :
RADIOLOGY ASSOCIATES, INC.,     :
                                :
          Defendant.            :
```

Valerie Reeves, pro se Plaintiff.

Richard R. Wier, Jr., Esquire and Daniel W. Scialpi, Esquire. Attorneys for Defendant.

## MEMORANDUM OPINION

May ___, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion To Dismiss/Summary Judgment (D.I. 9). Although Defendant submitted matters outside the pleadings with its briefing, the Court will not consider those matters, and will treat the Motion as one to dismiss under Rule 12(b)(6). For the reasons discussed, the Court will grant Defendant's Motion To Dismiss. Defendant has also filed a Motion To Strike Plaintiff's Sur-Reply (D.I. 16), which the Court will deny as moot.

## BACKGROUND

Plaintiff is an African-American female who was, from 1974 to 2004, employed by Defendant, a Delaware Corporation. Defendant operates a number of offices throughout the state of Delaware. Plaintiff's Complaint (D.I. 1) alleges three claims: one claim of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; one claim of retaliatory reassignment in violation of the "Thirteenth Amendment as protected by 42 U.S.C. § 1981"; and one claim of employment discrimination under 19 Del. C. § 711. On March 28, 2003, Plaintiff filed a charge of race discrimination with the EEOC. That charge, incorporated in the Complaint as Exhibit A, is limited to an incident that occurred on February 18, 2003, in which Plaintiff's normal work site was closed and her supervisor ordered her to report to work at another site. Plaintiff's

1

Complaint alleges racially discriminating acts over a twenty-nine year period, including "discrimination in hiring, job assignment, promotion, and compensation," (Id. at ¶ 26).

By its Motion, Defendant contends that the Court should dismiss Plaintiff's Title VII Claim because the Complaint was not timely filed. Defendant further contends that the Court should dismiss Plaintiff's Title VII claim to the extent that it alleges discriminatory acts other than the events of February 18, 2003, because they are not fairly within the scope of Plaintiff's EEOC complaint. Defendant also contends that Plaintiff has failed to establish a prima facie case of race discrimination. Finally, Defendant contends that the Court should dismiss Plaintiff's state law claim because she failed to comply with the requirements of the applicable Delaware statute.

## DISCUSSION

I.  **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable

2

factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

**II. Plaintiff's Title VII Claim**

Before filing a lawsuit under Title VII, a plaintiff must first file charges of discrimination with the EEOC and be granted a right-to-sue letter. See 42 U.S.C. § 20003-5(f)(1); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973). Therefore, a plaintiff may file suit under Title VII only with regard to claims that are "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Tillman v. The Pepsi Bottling Group, Inc., 2005 U.S. Dist. LEXIS 18891, 17-18 (D. Del. 2005)(citing Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984); Ostapowicz v. Johnston Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976), cert denied, 429 U.S. 1041 (1977); Flesch v.

3

E. Pa. Psychiatric Inst., 434 F. Supp. 963, 970 (E.D. Pa. 1977); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984)). Such claims are limited not by the scope of the actual EEOC investigation, but by "the scope of the EEOC investigation which can reasonably be expected to grow out of a charge of discrimination . . . ." Ebert v. Office of Information Systems, 1998 U.S. Dist. LEXIS 9100, 12, (D. Del. 1998) (citing Hicks v. ABT Assoc., Inc., 572 F.2d 960, 966 (3d Cir. 1978)(quoting Ostapowicz, 541 F.2d at 398-99)). Courts have allowed claims not specifically mentioned in the prior EEOC charge "where there was a close nexus between the facts supporting the claims raised in the charge and those in the complaint." Ebert, 1998 U.S. Dist. LEXIS 9100, 15 (citing Howze, 750 F.2d at 1212; Ostapowicz, 541 F.2d at 398-99).

In this case, Plaintiff's EEOC complaint was limited to events that occurred on February 18, 2003. (D.I. 1, Ex. A.) The Court concludes that there is not a close nexus between those events and Plaintiff's claims of "discrimination in hiring, job assignment, promotion, and compensation," (Id. at ¶ 26). Plaintiff's EEOC charge does not allege any fact related to those claims, nor any fact from which those claims could reasonably be inferred. Thus, the Court further concludes that a reasonable investigation of Plaintiff's EEOC charge would not have encompassed those claims within its scope. Therefore, the Court

4

will limit the scope of Plaintiff's Title VII claim to matters arising from events that occurred on February 18, 2003.

Having limited the scope of Plaintiff's Title VII claim, the Court concludes that Plaintiff has not established a <u>prima facie</u> case of unlawful discrimination under Title VII. In order to state a claim upon which relief can be granted, Plaintiff must allege that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) that action occurred under circumstances that give rise to an inference of unlawful discrimination such as might occur when a similarly-situated person not of the protected class is treated differently. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Jones v. School Dist. Of Philadelphia</u>, 198 F.3d 403, 411 (3d Cir. 1999). Plaintiff has not adequately alleged that she suffered an adverse employment action.

The United States Supreme Court has defined an adverse employment action as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment, or a decision causing a significant change of benefits." <u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742, 761 (1998). Here, Plaintiff alleges only that she was transferred, for one day, to an office that was not her normal work location, because her work site was closed due to a snow emergency. This does not amount to

a significant change in employment status and, therefore, cannot be regarded as an adverse employment action.

Because Plaintiff's Title VII claim fails to state a claim upon which relief can be granted, the Court will grant Defendant's Motion To Dismiss with respect to that claim. Because the scope of any amended Title VII claim would be similarly limited by the allegations in Plaintiff's EEOC charge, the Court concludes that amendment of Plaintiff's Title VII claim would be futile. Therefore, the Court will dismiss that claim with prejudice.

### III. Plaintiff's Thirteenth Amendment Claim

In Plaintiff's second claim, she alleges that Defendant's conduct "violates the Thirteenth Amendment to the Constitution as protected by 42 U.S.C. § 1981." (D.I. 1 at ¶ 29.) Although Defendant argues that Plaintiff is alleging a violation of the Thirteenth Amendment itself, the Court will construe the quoted language as an allegation of unlawful employment discrimination under 42 U.S.C. § 1981.

Unlike a claim under Title VII, a § 1981 claim is not subject to the requirement that the EEOC issue a right-to-sue letter before a suit may be filed. Gooding v. Warner-Lambert Co., 744 F.2d 354, 357 n.3 (3d Cir. 1984). Therefore, Plaintiff's § 1981 claim is not limited in scope by the allegations in her EEOC charge. Nevertheless, the Court

concludes that Plaintiff's § 1981 claim also fails to state a claim upon which relief can be granted.

To state a <u>prima facie</u> case of racial discrimination under 42 U.S.C. § 1981, Plaintiff must adequately allege that (1) she is a member of a racial minority; (2) Defendant intended to discriminate against her on the basis of her race; and (3) the discrimination concerned one of the activities enumerated in the statute. <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 797 (3d Cir. 2001). Section 1981 can only be violated by intentional discrimination <u>General Building Contractors Ass'n v. Pennsylvania</u>, 458 U.S. 375, 391 (1982). Here, Plaintiff does not allege intentional discrimination by Defendant on the basis of race, nor does she allege facts from which the Court could reasonably infer intentional discrimination. Therefore, the Court will grant Defendant's Motion To Dismiss with respect to Plaintiff's § 1981 claim.

**CONCLUSION**

For the reasons discussed, Defendants Motion To Dismiss will be granted with respect to Plaintiff's Title VII and § 1981 claims. Because the Court will dismiss Plaintiffs federal claims, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claim and will, accordingly, dismiss that claim.

An appropriate order will be entered.

7